46 F.3d 1145
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James H. SANDERS, Plaintiff-Appellant,
v.
Philip GILBERT, personally; Mitchell, Lang, & SMITH, an
Oregon Partnership; Central Analysis Bureau, a
corporation, et al., Defendants-Appellees.
 No. 94-35014.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 11, 1995.*
Decided: Jan. 20, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James H. Sanders appeals pro se the district court's denial of his motion for entry of default judgment against a "John Doe" defendant. Sanders filed this action against several defendants alleging violations of the Racketeer Influenced and Corruption Organizations Act ("RICO"), 18 U.S.C. Sec. 1961, and Oregon state law. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291.[1] We affirm.
 
 
 3
 We review a district court's denial of a motion for default judgment for an abuse of discretion. Pau v. Yosemite Park & Curry Co., 928 F.2d 880, 885 (9th Cir. 1991). A default judgment, like any other judgment, may be entered against the defendant only if the defendant has been made party to the action by service of process. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969); see also Direct Mail Specialists Inc. v Eclat Computerized Tech., 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been properly served under Fed. R. Civ. P. 4.")
 
 
 4
 In his first amended complaint, Sanders alleged that the defendants engaged in a scheme to defame him. Sanders named the following defendants: (1) the law firm of Mitchell, Lang & Smith ("MLS"); (2) Philip Gilbert, a former law clerk at MLS; (3) Central Analysis Bureau, Inc.; and (4) John Doe, "a client of [MLS], presumably a foreign corporation."
 
 
 5
 On September 24, 1993, Sanders filed a motion for an order of default and entry of default judgment against the fictitiously named defendant "John Doe." The district court denied Sanders's motion because Sanders failed to demonstrate that he served "John Doe" and because entry of default judgment is inappropriate against a fictitious party defendant.[2] On appeal, Sanders contends that the district court erred by denying his motion because service on MLS was sufficient to effect service upon "John Doe." This contention is without merit.
 
 
 6
 In an attempt to serve defendant "John Doe," Sanders mailed the summons and complaint in a registered letter to the law offices of MLS, where a clerk signed the registered receipt. However, the clerk was employed by MLS, not the "John Doe" corporation. Therefore, Sanders never served an officer or managing or general agent of the "John Doe" corporation. See Direct Mail Specialists, Inc., 840 F.2d at 688. Furthermore, Sanders failed to demonstrate that MLS was an appointed or otherwise authorized agent of the "John Doe" corporation. See id. Thus, Sanders's attempted service on the "John Doe" corporation was ineffective. See id. Therefore, the "John Doe" corporation was never made a party to this action. See Zenith Radio Corp., 395 U.S. at 110; Direct Mail Specialists, Inc., 840 F.2d at 688. Accordingly, we cannot say that the district court abused its discretion by declining to enter a default judgment in Sanders's favor. See Zenith Radio Corp., 395 U.S. at 110; See Pau, 928 F.2d at 885; Direct Mail Specialists, Inc., 849 F.2d at 688.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 On May 17, 1994, a motions panel of this court determined that because the district court had disposed of the entire action we had jurisdiction over this appeal. See Scanlon v. Atascadero State Hospital, 677 F.2d 1271 (9th Cir. 1982)
 
 
 [2]
 On December 3, 1993, the district court dismissed Sanders's RICO claim with prejudice and dismissed his state law claims without prejudice. Sanders does not raise these dismissals in this appeal